IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN A. LOCKETT, SR., :
:
    Plaintiff :
: CIVIL NO. 3:CV-08-1643
v. :
: (Judge Caputo)
WARDEN DOMINICK DEROSE, :
et al., :
:
    Defendants :

ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The pro se plaintiff, Shawn Lockett, presently housed at the Fayette State Correctional Institution, Labelle, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on September 4, 2008, challenging events that occurred during his incarceration at the Dauphin County Prison, Harrisburg, Pennsylvania, between May 29, 2008 and August 14, 2008. (Doc. 1, Complaint.) Presently before the Court is Lockett's one page Motion for Appointment of Counsel. (Doc. 24.) In support of his motion, Plaintiff asserts that he is indigent and cannot afford counsel. He also claims that his "imprisonment greatly limit[s] his ability to litigate" this matter and that he has limited access to the law library. (Id.)

This is a civil action, not a criminal one. Hence, there is no constitutional or statutory right to appointed counsel. *Montgomery v. Pichak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, appointment of

counsel is governed by 28 U.S.C. § 1915 (e)(1) which provides that the court "may request an attorney to represent any person unable to afford counsel." Further, the court has no funds to pay an attorney who may accept appointment (although attorney's fees are available under 42 U.S.C. § 1988 if a plaintiff becomes a "prevailing party" in the litigation). In short, "volunteer lawyer time is a precious commodity . . . ." *Montgomery, supra*, 294 F.3d at 499.

District courts have broad discretion to appoint counsel under 28 U.S.C. § 1915. *Montgomery, supra*, 294 F.3d at 498. The Third Circuit has provided guidance for the exercise of that discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (emphasis added). If the plaintiff's case satisfies this review, other factors to be examined are:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

*Id.* at 499, citing *Tabron*, 6 F.3d at 155-57.

In these very early stages of the litigation, this Court is not inclined to ask an attorney to represent Plaintiff. This decision is based in part on the fact that also pending before the Court is Defendant's Motion to Dismiss, based in part, on Lockett's alleged failure to exhaust his administrative remedies, and failure to allege the sole defendant's personal involvement in the alleged constitutional deprivations.

(See Doc. 12, Defendant's Motion to Dismiss.) Lockett filed a response to the motion on December 10, 2008, and a reply brief was filed shortly thereafter. (See Docs. 15 and 17.) The motion is fully briefed and ripe for disposition. Pending the resolution of this potentially dispositive motion, the Court is not inclined to expend the precious commodity of pro bono counsel at this time. It is also noted that Lockett makes no mention as to his own efforts to obtain pro bono counsel prior to seeking the Courts assistance to obtain the same. Additionally, to the extent that Lockett suggest his pro se status or imprisonment itself will hamper his ability to litigation this matter, we do not agree. Lockett simply stands in the same position as every other pro se prison litigator. To hold incarceration, itself, to be a basis to appoint counsel would essentially dispose of the need to examine the individual factors of each inmate's case under *Tabron*. Evidenced by Lockett's Complaint, his response to defendant's motion, and his ability to communicate with this Court, it is clear that Lockett is capable of presenting comprehensible arguments.

Therefore, Plaintiff's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative or upon another motion filed by Plaintiff.

**AND NOW**, this **1st day of July, 2009**, it is ordered that Plaintiff's Motion for Appointment of Counsel (doc. 24) is denied without prejudice.

_/s/ A. Richard Caputo_
**A. RICHARD CAPUTO**
**United States District Judge**